## Case No. 12,998a.

### SMITH v. The ALABAMA.

[19 Betts, D. C. MS. 70.]

District Court, S. D. New York. Aug. 5, 1851.

SHIPPING—MARITIME TORT—OBSTRUCTING PASSAGE —DAMAGES—LOSS.

[This was a libel by Belknap Smith against the steamer Alabama for a maritime tort.]

Before BETTS, District Judge.

It is considered by the court: 1. That a maritime cause of action arises against a vessel unlawfully obstructing the passage of another on tide waters, whereby the vessel obstructed receives direct damage or prejudice.

2. That the steamboat Alabama had no law-

ful right to be so moored or placed as to intercept the free passage of the Jenny Lind to Peck slip, and the use of the floating dock stationed there, and that the manner in which the said steamship Alabama was moored, as in the pleadings mentioned, was an illegal obstruction of the right of way or passage to which the Jenny Lind was then and there entitled.

3. That the Alabama might, with safety to herself, have been so moored at the time as to allow a free passage and entrance to the Jenny Lind to said dock, and the refusal of the officers in charge of the Alabama so to remove her was wrongful and tortious in respect to the Jenny Lind.

4. That the Jenny Lind is entitled to compensation, by way of damages against the Alabama, for the expenses or injuries incurred by her directly in consequence of such act of the Alabama, she having been towed to that place by a steamer, on appointment to be there received on the balance dock.

5. But that the Alabama is not responsible for consequential or remote damages supposed to arise from such obstruction and hindrance of the Jenny Lind, but only to such as are immediate and direct to her. That the act of fastening the Jenny Lind to the Alabama was voluntary on the part of the former, and was at her own risk, unless some improper act to her prejudice was afterwards done by the Alabama.

6. That those on board the Alabama were justified in cutting the lines of the Jenny Lind, when she was found to be sinking and likely to injure the Alabama thereby, and it was the duty of those having charge of the Jenny Lind, and not of the officers of the Alabama, to see to her safety whilst lying there, or to have had her guarded or protected safely otherwise than by fastening her to the Alabama.

7. The Alabama is not responsible for the sinking and loss of the Jenny Lind occurring after the lines were cut. In her crippled and sinking state, it was the duty of her crew to have had her taken to a place of security, or to have proper supports provided for her at that place.

Wherefore it is adjudged that the libellant is entitled to recover in this action his necessary charges and expenses for towing the steamer Jenny Lind to the entrance of Peck slip, in order to have her placed on the balance dock, and which he was prevented having done by the misconduct of the owners or officers of the Alabama, and that it be referred to a commissioner to ascertain and report the amount of such charges and expenses. And it is ordered that the steamship Alabama be discharged of all claim for the total loss and value of the said Jenny Lind caused by her sinking the day after. Because of the wilful and obstinate misconduct of the officers of the Alabama in refusing to move her, and allow the Jenny Lind a passage into the slip and to the dock to which she was

destined, it is ordered that the libellant, in addition to his expenses and damages aforesaid, recover his costs to be taxed.